GREATER OMAHA REALTY COMPANY, A NEBRASKA CORPORATION,
APPELLANT, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL
CORPORATION, ET AL., APPELLEES.
DAVID L. DAVIS, APPELLANT, V. CITY OF OMAHA, NEBRASKA,
A MUNICIPAL CORPORATION, ET AL., APPELLEES.

605 N.W.2d 472

Filed February 4, 2000.    Nos. S-98-545, S-98-546.

Tyler B. Gaines, of Gaines, Mullen, Pansing & Hogan, for appellants Greater Omaha Realty Company and David L. Davis.

Michael J. Mills and Jill A. Vinjamuri, of Kutak Rock, for appellee First National Bank of Omaha.

John E. Hubbard and Trenten P. Bausch, of Blackwell Sanders Peper Martin, for appellee Jayhawk, L.L.C.

Paul Kratz, Omaha City Attorney, Bernard J. in den Bosch, and Charles K. Bunger for appellee City of Omaha.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

## INTRODUCTION

The appellees, City of Omaha, Nebraska (City), First National Bank of Omaha, and Jayhawk, L.L.C., were parties to an agreement concerning the redevelopment of certain downtown Omaha properties. The appellants, Greater Omaha Realty Company (Greater Omaha) and David L. Davis, owned property subject to this proposed plan. Using its power of eminent domain, the City filed a petition to condemn the property. The appellants then filed separate lawsuits against the appellees seeking declaratory relief, alleging that the takings were unconstitutional. The trial court granted the appellees' motion for summary judgment and overruled the appellants' motion for a new trial in each case. The appellants timely appealed. For the reasons that follow, we dismiss the consolidated appeals as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Davis owned property located at 1514 Davenport Street in Omaha, Nebraska. Greater Omaha owned two parcels of land: one tract located at 1501 Davenport Street and another tract located at 213 North 16th Street and 1516 Capitol Avenue, also in Omaha. Collectively, these parcels will be referred to as "property." This property was designated "blighted and substandard" pursuant to Nebraska's Community Development Law (CDL), codified at Neb. Rev. Stat. §§ 18-2101 through 18-2144 (Reissue 1991 & Cum. Supp. 1992), on June 2, 1992. In an

effort to redevelop the downtown area, the City publicized a plan under the CDL in November 1996. The plan called for the construction of an operations-data processing facility and an office tower in downtown Omaha, affecting the appellants' property. In November and December 1996, the City's planning department and the city council approved of this redevelopment plan. The city council also passed an ordinance on February 4, 1997, declaring the necessity of appropriating these properties for the plan.

On February 4 and 10, 1997, a redevelopment agreement was signed to implement this plan by and among the City, Jayhawk, and First National Bank. This redevelopment agreement required Jayhawk to acquire the appellants' property (and others) and build the facility and the tower, which, as the agreement recited, First National Bank intended to use and occupy. Further, the agreement required the City to use its power of eminent domain to obtain the properties in the event that Jayhawk was unable to acquire them through a business transaction.

Negotiations between Jayhawk and the appellants failed. Therefore, on June 13, 1997, the City filed a petition to condemn the appellants' property. On June 27, the City filed its notice of intention to acquire the property.

On July 22, 1997, the appellants filed separate lawsuits against the appellees, seeking declaratory relief. The petitions were identical except for the named plaintiff and the affected real estate. The appellants claimed that the acquisition of the property was unlawful in that (1) the City's exercise of its power of eminent domain was not for a public use or purpose; (2) the City's action violated the 5th and 14th Amendments to the U.S. Constitution and article I, § 21, of the Nebraska Constitution; and (3) the City's ordinance No. 34106 and the CDL which authorized the taking were unconstitutional. The appellants asked the district court to enter an order declaring the acquisition of the appellants' property to be unconstitutional, the redevelopment agreement entered into by the appellees as null and void, and such further relief as the court deemed just and equitable. The appellants did not seek injunctive relief.

The appellees separately answered the petitions and then moved to consolidate the proceedings, and the motion was

granted on September 16, 1997. In late September, the appellees filed motions for summary judgment. In support of their motions, the appellees offered the affidavits of Buster Brown, acting city clerk, and Steven Jensen, assistant director of the planning department's urban planning division for the City. In addition, the appellees asserted the acquisition of the property pursuant to the power of eminent domain is for a public purpose or use as set forth in the CDL, and as recognized by this court in *Monarch Chemical Works, Inc. v. City of Omaha*, 203 Neb. 33, 277 N.W.2d 423 (1979). The appellants offered the affidavit of their attorney with six newspaper articles attached. The trial court sustained the appellees' motions for summary judgment and dismissed the case on February 2, 1998. In relevant part, the summary judgment order stated:

> The City of Omaha has complied with Neb. Rev. Stat. Sections 18-2101, 2102 (Reissue 1991), the Community Development Law and pursuant to Monarch Chemical Works, Inc. v. City of Omaha, 203 Neb. 33, 277 N.W.2d 423 (1979) and Thornton Development Authority v. Upah, 640 F. Supp. 1071 (D. Colo. 1986), [Appellees'] Motions for Summary Judgment are sustained in their entirety and this case is dismissed.

The appellants moved for a new trial on February 11, 1998. This motion was denied on May 6. The appellants then filed separate notices of appeal on May 28. These actions have been consolidated for all purposes on appeal.

At the time the appeals were filed, construction on the appellants' property had commenced. The appellants did not move for a stay of the condemnation proceedings or the construction pending the outcome of the instant appeals, nor did they seek a temporary injunction. In the interim between the district court's rulings and the oral argument on the instant appeal, condemnation proceedings were completed, the City took possession of the property, and a three-story building on the property was substantially completed. Consequently, on October 5, 1999, the appellees filed a suggestion of mootness and joint motion to dismiss, to which the appellants objected. The appellants and the appellees argued both the mootness issue and the merits of the appeal at oral argument, as ordered by this court.

## ASSIGNMENTS OF ERROR

The appellants claim that the district court erred in (1) granting summary judgment because there was insufficient evidence in the bill of exceptions for the trial court to sustain such motion; (2) determining the separate appellees are entitled to judgment as a matter of law and erred in overruling the appellants' motions for a new trial; (3) failing to consider and determine the issue of whether the taking under the CDL was for a public or private purpose or use; (4) granting summary judgment to the appellees because there were genuine fact questions relating to whether the taking was for a public purpose or use; (5) granting summary judgment because the City failed to comply with the CDL in §§ 18-2101 through 18-2144; and (6) granting summary judgment because article XIII, § 2, of the Nebraska Constitution prohibits the use of condemnation to acquire property in blighted areas.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999).

## ANALYSIS

### MOOTNESS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Alycia P.,* ante p. 258, 603 N.W.2d 7 (1999); *US Ecology v. State, ante* p. 10, 601 N.W.2d 775 (1999). While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *US Ecology v. State, supra; Galyen v. Balka,* 253 Neb. 270, 570 N.W.2d 519 (1997). Thus, the threshold issue that must be addressed is whether the taking and substantial completion of construction on the appellants' property render the instant appeals moot.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally

cognizable interest in the outcome of litigation. *Elstun v. Elstun*, 257 Neb. 820, 600 N.W.2d 835 (1999); *Putnam v. Fortenberry, supra*; *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997). As a general rule, a moot case is subject to summary dismissal. *Elstun v. Elstun, supra*; *Putnam v. Fortenberry, supra*. A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Putnam v. Fortenberry, supra*.

■■■ Given the nature of the relief sought, we conclude that the appeals in the instant case are moot. Our analysis is guided by the recent case *Putnam v. Fortenberry, supra*. In *Putnam*, appellant sought to enjoin the proposed sale of Lincoln General Hospital to Bryan Memorial Hospital. Appellant also sought declaratory relief. The district court denied appellant's injunction and her action for declaratory judgment, and she appealed. The record revealed no stay or supersedeas bond, and by the time the appeal reached this court, the sale had already been completed. Appellees argued that the appeal was now moot, and we agreed. In addressing her claim for declaratory relief, we stated:

> A declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. . . . At the time that the declaration is sought, there must be an actual justiciable issue. . . . A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.

*Id.* at 272-73, 589 N.W.2d at 844. We concluded that the declaratory judgment action was moot because "[d]eclaratory relief would not undo what has already been completed." *Id.* at 273, 589 N.W.2d at 844.

■■■ Similarly, the instant appeal is moot. The takings that the appellants claim are unconstitutional and unlawful have already occurred; equitable relief is not available, for equity will not seek to declare unlawful an action that has already been completed. See *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). As noted in *Putnam*, "A declaratory judgment in this

case would be nothing more than advisory, and 'declaratory relief cannot be used to obtain a judgment which is merely advisory.'" 256 Neb. at 273, 589 N.W.2d at 844 (quoting *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997)).

### PUBLIC INTEREST EXCEPTION

■ The appellants assert that even if their appeals are moot, they should be considered under the public interest exception. We disagree. The public interest exception to the rule precluding consideration of issues on appeal due to mootness requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Elstun v. Elstun*, 257 Neb. 820, 600 N.W.2d 835 (1999); *Putnam v. Fortenberry, supra.*

This same argument was raised in *Putnam*, and was also rejected. In *Putnam v. Fortenberry*, 256 Neb. at 273-74, 589 N.W.2d at 844, this court determined that the exception did not apply:

> We find in the instant case that while the issues presented involve public questions, there is little need for authoritative adjudication of these issues, because of the remote likelihood of another case presenting the same or similar circumstances. The issues presented in this case rest on the terms of this particular sale, the particular deeds and bequests made for Lincoln General's benefit, and the particular procedures that were used to approve the sale in this case. It is highly unlikely that another case could present a similar factual situation.

> Moreover, the posture of this case is due to the terms of this particular contract, the relief sought by Putnam, and the strategic choice of Putnam in not attempting to prevent the sale from closing during the pendency of appellate review. The nature of this case would not inherently preclude appellate review.

■ In the instant case, the appellants' action arguably does have a public nature because the power of eminent domain is involved. However, as in *Putnam*, this particular set of circumstances is unlikely to recur, because the purported unlawfulness of the taking is essentially predicated on the contract between

the appellees relating to provisions of the CDL. Moreover, like the *Putnam* case, the posture of the instant case is due in part to the declaratory relief sought by the appellants and the strategic choice of the appellants in not seeking injunctive relief or taking some other legal action to prevent the construction of the three-story building during the pendency of appellate review. It is generally inappropriate for an appellate court to review a moot case that does not evade review as a result of a transitory setting, even if the problem is likely to recur. *Putnam v. Fortenberry, supra.* There is nothing in the nature of this case that would inherently preclude appellate review.

As a result, we conclude that the public interest exception to the mootness doctrine does not apply in this case.

### CONCLUSION

Because we have concluded that these appeals are moot and that the public interest exception does not apply, these consolidated appeals are dismissed.

APPEALS DISMISSED.

MILLER-LERMAN, J., not participating.