DOROTHY M. BEACHY, APPELLANT, V. MARY BECERRA AND
MARIO BECERRA, WIFE AND HUSBAND, APPELLEES.
609 N.W. 2d 648

Filed April 21, 2000.   No. S-99-310.

Michael J. Donahue, of Donahue & Faesser, P.C., for appellant.

Michael D. Nelson and Michael D. McClellan, of NelsonMcClellan, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this action originating in the district court for Otoe County, Dorothy M. Beachy appeals from an order sustaining a demurrer filed on behalf of Mary Becerra and Mario Becerra and dismissing the action without leave to amend. The sole issue presented in this appeal is whether one alleging to be the sole heir at law of a decedent has standing to bring an action against the duly appointed and acting personal representative of the decedent's estate and persons acting in concert therewith, seeking

recovery of property alleged to have been wrongfully obtained from the decedent prior to her death. We conclude that the issue has become moot and therefore dismiss the appeal.

## BACKGROUND

Beachy filed a pleading entitled "Petition for Conversion of Property and to Establish a Constructive Trust and for Temporary and Permanent Restraining Orders," naming as defendants "Mary Becerra and Mario Becerra, Wife and Husband." In her petition, Beachy alleged that she is the surviving niece and sole heir at law of Lillian P. Noble, who died on July 26, 1998, while a resident of Otoe County, Nebraska. Beachy further alleged that prior to her death, Noble "was elderly and of diminished mental capacity" and was being cared for in her home by the Becerras. Beachy alleged that on or about August 13, 1997, Mary Becerra obtained a power of attorney from Noble appointing her as attorney-in-fact. She further alleged that "on April 20, 1998, while purporting to act in a position of trust and confidence and through the exercise of undue influence and duress," the Becerras purchased real estate at a cost of $35,000 using Noble's personal funds, which real estate was titled in Noble's and the Becerras' names as joint tenants with rights of survivorship. Beachy also alleged that in 1998, prior to Noble's death, a distribution from a trust established by Noble's sister was made payable to Noble and that "said funds were taken and misappropriated and concealed by the [Becerras] and deposited in a joint account at the First National Bank in Omaha, Nebraska, with said accounts being payable on the death of . . . Noble to . . . Mary Becerra." Beachy further alleged that after Noble's death, the Becerras withdrew all of the funds from this account and that on August 20, 1998, between $20,000 and $30,000 of the funds were used to repay a loan on a vehicle owned by Mario Becerra.

In her petition, Beachy alleged that subsequent to Noble's death, Mary Becerra filed what purported to be Noble's last will in the county court for Otoe County. The will, a copy of which is attached to Beachy's petition, devises all of Noble's property remaining after payment of last expenses to Mary Becerra, if she survives Noble, and nominates Mary Becerra to serve as per-

sonal representative. Other documents attached to Beachy's petition establish that Mary Becerra was so appointed. The petition contains no allegation that the assets alleged to have been wrongfully transferred to the Becerras were unnecessary for the administration of Noble's estate, nor does it allege that Beachy was the sole "interested person" as defined by Neb. Rev. Stat. § 30-2209(21) (Cum. Supp. 1998).

According to her petition, Beachy filed pleadings in the probate proceeding contesting the will and obtained an order prohibiting Mary Becerra, in her capacity as personal representative, from distributing any assets of the estate under the purported will and from changing the character of any assets of the estate without prior approval of the court and until further order of the court. A copy of the restraining order attached to the petition reflects that the county court denied Beachy's application for appointment of a special administrator.

In the prayer of her petition in this action, Beachy sought an accounting by the Becerras for all funds which they obtained from Noble; temporary and permanent injunctive relief preventing the expenditure, sale, removal, hypothecation, or transfer of such funds; a "return of the funds converted" by the Becerras; and the establishment of a constructive trust with respect to assets held by the Becerras which were acquired with funds obtained from Noble. The Becerras filed a joint demurrer asserting that the petition failed to state a cause of action against them.

In a written order, the district court sustained the demurrer without leave to amend and dismissed the action, based upon its determination that Beachy was not the real party in interest. The court reasoned that even if the transactions alleged in the petition were set aside, the funds and property would not go to Beachy, but, rather, to Noble's estate, and that Beachy had nothing more than a prospective interest in the assets. The court also noted that "[t]he obvious remedy for [Beachy] is to proceed in the County Court for the removal of Mary Becerra as the Personal Representative or for the appointment of a Special Administrator."

Beachy filed a motion for new trial in which she asserted that the court's ruling on the demurrer was contrary to law. In a written order denying the motion for new trial, the district court reaffirmed the reasoning set forth in its prior opinion and reiterated:

In the event that the transactions at issue in this litigation were to be set aside, the resulting moneys/property would then become assets of the Estate and subject to distribution pursuant to the decedent's Will or would go to the decedent's heirs at law as determined by the Probate Court. As suggested in the *Miller v. Janecek* case at 210 Neb. 316, 314 N.W.2d 250 (1982), the Estate through the appropriate representative (Personal Representative or Special Administrator) would be the proper party.

Beachy filed a timely notice of appeal from the order denying her motion for new trial, and we moved the appeal to our docket on our motion, pursuant to our authority to regulate the dockets of the Nebraska appellate courts. See Neb. Rev. Stat. § 24-1106 (Reissue 1995). During oral argument on February 8, 2000, counsel for the Becerras argued that the appeal is moot because during its pendency, Mary Becerra was removed as the personal representative of Noble's estate and a successor personal representative has been appointed who has initiated a pending action against the Becerras, asserting the same claims asserted in this action. Upon inquiry by this court, counsel for Beachy affirmed that the facts as represented by counsel for the Becerras were true, but disagreed with the assertion that these facts render the appeal moot. As the facts to which counsel thus stipulated are not reflected in the record, we treated the statements by the Becerras' counsel as a suggestion of mootness, see *ProData Computer Servs. v. Ponec*, 256 Neb. 228, 590 N.W.2d 176 (1999), and entered an order requiring the parties to show cause why the appeal should not be dismissed as moot.

In their response to this order, the Becerras reasserted their position that the case is moot. Beachy argues to the contrary, asserting that pursuant to Neb. Rev. Stat. § 30-2401 (Reissue 1995), an heir at law is the only real party in interest with respect to a claim for recovery of property which was owned by the decedent at the time of death but did not pass to the estate.

## ASSIGNMENT OF ERROR

Beachy contends, restated, that as Noble's sole heir at law, she had standing to bring this action and that therefore, the district court erred in dismissing her petition.

## SCOPE OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Greater Omaha Realty Co. v. City of Omaha*, 258 Neb. 714, 605 N.W.2d 472 (2000); *US Ecology v. State*, 258 Neb. 10, 601 N.W.2d 775 (1999).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine if it has jurisdiction over the matter before it. *Greater Omaha Realty Co. v. City of Omaha, supra; In re Interest of Alycia P.*, 258 Neb. 258, 603 N.W.2d 7 (1999). While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *Greater Omaha Realty Co. v. City of Omaha, supra; US Ecology v. State, supra.* We must therefore address the threshold issue of whether this action has been rendered moot by the removal of Mary Becerra as personal representative of Noble's estate and the commencement of an action against the Becerras by the successor personal representative seeking the same relief which Beachy seeks in this action.

In arguing that her claim is not moot, Beachy relies upon § 30-2401, which provides:

> Upon the death of a person, his real and personal property devolves to the persons to whom it is devised by his last will . . . or, in the absence of testamentary disposition, to his heirs . . . subject to homestead allowance, exempt property and family allowance, to rights of creditors, elective share of the surviving spouse, and to administration.

We do not read this statute as creating an absolute right on the part of one claiming to be an heir of a deceased person whose estate is being administered to sue to recover property alleged to be a part of the estate, in derogation of those interests to which the potential rights of the heir are subordinate, including the rights of creditors and the orderly administration of the decedent's estate. Neb. Rev. Stat. § 30-2476 (Reissue 1995) provides that "[e]xcept as restricted or otherwise provided by the will or

by an order in a formal proceeding," the personal representative, "acting reasonably for the benefit of the interested persons, may properly . . . (22) prosecute or defend claims or proceedings in any jurisdiction for the protection of the estate." Neb. Rev. Stat. § 30-2470 (Reissue 1995) gives the personal representative specific authority to "maintain an action to recover possession of property or to determine the title thereto."

The issue here is whether the personal representative's right to maintain an action on behalf of the estate to recover property wrongfully transferred by the decedent during her lifetime is exclusive, or whether an heir has a similar right which is coextensive with that of the personal representative. There is general authority that

> where the executor or administrator has been guilty of fraud of collusion with the party to be sued, or, more generally, where the interests of the personal representative are antagonistic to those of the heirs or distributees, the heirs or distributees may maintain actions relating to the personalty of the estate in their own names. Similarly, when the legal representative has failed or refused to act, the heir may maintain an action to recover assets for the benefit of the estate.

31 Am. Jur. 2d *Executors and Administrators* § 1285 at 604 (1989). In decisions predating the adoption of the Uniform Probate Code in Nebraska, this court has held that under certain circumstances, an heir may maintain an action to enforce an obligation owed to the estate where the administrator refused to do so. See, e.g., *Prusa v. Everett*, 78 Neb. 251, 113 N.W. 571 (1907).

In the original posture of this case, we would have been required to determine whether these principles applied so as to give Beachy standing to maintain an action against the Becerras. However, the necessity to make this determination has been obviated by the parties' stipulations that Mary Becerra no longer serves as personal representative of Noble's estate and that her successor has brought an action against her asserting the same claims which Beachy asserts in this action. This action is necessarily brought for the benefit of Beachy and any other interested persons. See § 30-2476.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Greater Omaha Realty Co. v. City of Omaha*, 258 Neb. 714, 605 N.W.2d 472 (2000); *Elstun v. Elstun*, 257 Neb. 820, 600 N.W.2d 835 (1999). It is generally inappropriate for an appellate court to review a moot case that does not evade review as a result of a transitory setting, even if the problem is likely to recur. *Greater Omaha Realty Co. v. City of Omaha, supra; Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). We conclude that the issue of Beachy's standing has been rendered moot by the initiation of the action against the Becerras by the successor personal representative.

## CONCLUSION

For the foregoing reasons, we conclude that the sole legal issue presented by this appeal has become moot, and the appeal should therefore be dismissed.

APPEAL DISMISSED.