CHIEF INDUSTRIES, INC., A DELAWARE CORPORATION,
APPELLANT AND CROSS-APPELLEE, V.
GREAT NORTHERN INSURANCE COMPANY,
APPELLEE AND CROSS-APPELLANT.
612 N.W. 2d 225

Filed June 23, 2000.   No. S-99-045.

Daniel E. Klaus, of Rembolt Ludtke & Berger, for appellant.

Denzel R. Busick for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

This is a declaratory judgment action in which Chief Industries, Inc. (Chief), sought a declaration that Great Northern Insurance Company (Great Northern) had a contractual obligation to provide coverage and a duty to defend a lawsuit filed against Chief by Arabian Agriculture Services Company (ARASCO). After both parties moved for summary judgment, the trial court found that Chief was entitled to a partial summary judgment declaring that coverage attached to losses, not otherwise excluded, from the occurrence on October 10, 1995. The trial court also found that Great Northern had no duty to defend Chief in a lawsuit filed against it by ARASCO. Chief appealed, and Great Northern cross-appealed.

## SCOPE OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Greater Omaha Realty Co. v. City of Omaha*, 258 Neb. 714, 605 N.W.2d 472 (2000).

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000).

## FACTS

Chief is a Delaware corporation with its principal place of business in Grand Island, Nebraska. Great Northern is an insurance corporation organized and existing under the laws of the State of Minnesota and is authorized to do business in the State of Nebraska. The insurance policy at issue herein was issued to Chief by Great Northern for the period of July 1, 1995, to July 1, 1996.

In 1991, Chief Industries U.K. Ltd. (Chief U.K.), a wholly owned subsidiary of Chief's, entered into a contract with ARASCO to manufacture, sell, and supervise the construction of 16 grain bins and related equipment in Damman, Saudi Arabia. Chief U.K. subsequently fulfilled the terms of its contract with ARASCO.

ARASCO alleges that the grain bins collapsed on October 10, 1995, causing damage to the grain bins, equipment attached to the grain bins, and the grain which was stored in the bins. On October 11, Chief notified its insurance agent of the occurrence, and Great Northern commenced an investigation. On October 24, ARASCO made written claims against Chief and Chief U.K. for the damages caused by the collapse of the grain bins.

On November 17, 1997, Great Northern notified Chief of its position regarding coverage of the claims made by ARASCO. Great Northern acknowledged that there had been an "occurrence" during the policy period which resulted in "property damage." However, it concluded that the exclusions set forth in paragraphs 12 and 13 of the insurance contract applied to exclude property damage to the named insured's products arising out of such products or any part of such products. Great Northern's position was that since a large portion of the claim by ARASCO involved the value of the 16 grain bins, the value of the bins was excluded from coverage. Great Northern informed Chief that exclusion 13 precluded coverage for property damage

to "work performed by or on behalf of [Chief] arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith." The letter stated that some of the damage alleged may have arisen out of work performed under the guidance of a foreman hired by Chief U.K. Great Northern also informed Chief that the insurance contract did not apply to suits brought in the United States. In addition, Chief was informed that "should Arasco pursue this claim further, or file suit on this matter in the United States, this amendment would be triggered and you would have to look to your domestic liability insurer for coverage."

On April 2, 1998, ARASCO sued Chief in the U.S. District Court for the District of Nebraska, asserting damages arising out of the collapse of the grain bins. The lawsuit set forth claims for breach of contract, breach of express warranties, and products liability. When Chief notified Great Northern of the lawsuit, Great Northern denied coverage and declined to investigate or defend Chief in the lawsuit.

On May 6, 1998, Chief commenced this action for declaratory judgment in the district court for Hall County, Nebraska. Pursuant to Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 1995), Chief requested the trial court to declare the rights of the parties arising by virtue of the insurance contract. Specifically, Chief requested (1) that a judgment be entered declaring that Great Northern's insurance policy provides coverage for the claims that ARASCO asserts in its lawsuit against Chief; (2) that Great Northern be ordered to investigate and provide Chief a defense in that lawsuit and be ordered to pay any judgment entered against Chief in that lawsuit to the limits of coverage provided in the contract; (3) that Chief be awarded as damages the expenses, including attorney fees, it incurs in defending the lawsuit brought against it by ARASCO and in bringing the declaratory judgment action; and (4) such other relief as the trial court deemed proper.

Both parties moved for summary judgment. The trial court determined that there were two issues presented: whether the insurance contract provided coverage and whether Great Northern had a duty to defend.

The applicable portion of the policy provided:

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become obligated to pay as damages by reason of liability to which this insurance applies, imposed by law or assumed by the **Insured** under any written or oral contract, for **bodily injury** or **property damage**, caused by an **occurrence** and **personal injury** or **advertising injury** caused by an offense occurring during the policy period.

The exclusions section of the policy provided:

**This insurance does not apply:**

. . . .

12. to **property damage** to the **named insured's** products arising out of such products or any part of such products;

13. to **property damage** to work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

The trial court concluded there had been an "occurrence" during the policy period which resulted in "property damage" and that the policy applied to at least part of Chief's claims. Thus, the trial court found that Chief was entitled to partial summary judgment, declaring that coverage attached to losses, not otherwise excluded, from the occurrence on October 10, 1995.

Next, the trial court addressed whether Great Northern had a duty to defend. Amendment No. 4 to the insurance policy, entitled "Foreign Suits Only Amendment," stated in part: "This insurance applies anywhere in the world, except the United States of America, its territories and possessions, Puerto Rico and Canada. The settlement, investigation and defense provisions of this contract shall only apply to claims made or suits brought within the policy territory herein defined."

In interpreting the contract, the trial court relied upon the policy language which this amendment replaced. The original contractual provision stated:

This insurance applies anywhere in the world except the United States, its territories and possessions, Puerto Rico and Canada. The settlement, investigation and defense provisions of this contract shall apply to claims made or suits

brought anywhere in the world provided such suit emanates from damages caused by an **occurrence** or offense arising from the **Insured's** operations in the policy territory described above.

The trial court concluded that since the lawsuit had been filed outside the policy territory, i.e., within the United States, Great Northern had no duty to defend.

The trial court stated:

> The end result is that although coverage attaches under the policy to any covered losses occurring as the result of the collapsed grain bins, defendant does not have a duty to defend lawsuits filed within the United States. Whether defendant will ultimately pay the claims of that lawsuit depends on whether such losses are covered under the policy. The Court at this time makes no determination at [sic] to the extent of losses which may be payable under the policy.

Chief has appealed, and Great Northern has cross-appealed. Pursuant to our power to regulate the caseloads of the appellate courts of this state, we moved this case to our docket.

## ASSIGNMENTS OF ERROR

Chief argues that the trial court erred in concluding that Great Northern did not have a duty to defend Chief in the ARASCO lawsuit.

On cross-appeal, Great Northern argues that the trial court erred in concluding that coverage under the policy of insurance at issue attached to losses, not otherwise excluded, arising out of damage to ARASCO's grain bins on October 10, 1995.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Greater Omaha Realty Co. v. City of Omaha*, 258 Neb. 714, 605 N.W.2d 472 (2000). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *In re Application of SID No. 384*, 256 Neb. 299, 589 N.W.2d 542 (1999).

Here, both parties moved for summary judgment. The trial court concluded that Great Northern was entitled to partial summary judgment because the ARASCO lawsuit had been filed outside the policy territory, and therefore, Great Northern did not have a duty to defend. The trial court also granted Chief a partial summary judgment, finding that "coverage attache[d] to losses, not otherwise excluded, arising out of the occurrence on October 10, 1995."

The question presented is whether the trial court's order granting two partial summary judgments is final and appealable. Generally, appeals from partial summary judgments are not final, appealable orders. However, in *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999), we recognized an exception. In *Bargmann*, we held that where multiple causes of action are alleged, an entry of judgment on one cause of action is a final, appealable order with respect to that cause of action, despite the pendency of other causes of action in the same suit. In *Bargmann*, we acknowledged that the Legislature had addressed this issue with the passage of 1998 Neb. Laws, L.B. 234, codified at Neb. Rev. Stat. § 25-705 (Cum. Supp. 1998). However, we concluded that § 25-705 did not apply because the relevant order had been entered before the effective date of the statute.

In the case at bar, § 25-705 was in effect at the time of the trial court's order. At that time, § 25-705 provided in relevant part:

(6) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Since multiple parties are not involved, we must determine whether there are multiple causes of action which would trigger the application of § 25-705. Chief sought a declaration that the insurance contract in question provided coverage for damages sustained as a result of the collapse of grain bins in Saudi Arabia on October 10, 1995, and that Great Northern had a duty to defend Chief in a lawsuit filed by ARASCO.

In *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981), we considered whether a homeowner's insurance contract covered an alleged assault and battery committed by the insured homeowner. The homeowner asked Allstate to provide him with a defense and to pay any sums which he might legally be obligated to pay. Allstate refused.

In addressing this issue, we stated that there were two separate and distinct obligations provided for by the insurance contract. The first contractual obligation required Allstate to pay all sums which the insured became legally obligated to pay because of bodily injury. The second contractual obligation, separate and apart from the obligation to pay, was the " 'right and duty . . . to defend any suit against the Insured.' " (Emphasis omitted.) *Id.* at 188, 313 N.W.2d at 638. We viewed the contractual duty to defend as being separate and apart from the contractual duty to pay even though both duties arose out of one insurance contract. Therefore, we treated the duties as two separate causes of action.

In *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999), we explained that a cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory of recovery is not itself a cause of action. Thus, two or more claims in a petition arising out of the same operative facts and involving the same parties constitute separate legal theories, either of liability or damages, and not separate causes of action. *Id.* Whether more than one cause of action is stated depends mainly upon (1) whether more than one primary right or subject of controversy is presented, (2) whether recovery on one ground would bar recovery on the other, (3) whether the same evidence would support the different counts, and (4) whether separate actions could be maintained for separate relief. *Id.*

In the instant case, Chief sought declaration of two rights under its insurance contract: whether the insurance contract provided coverage and whether Great Northern had a duty to defend. Even if Great Northern has a duty to defend Chief, coverage under the insurance contract is not necessarily provided. Conversely, Great Northern might have a duty to provide coverage without a corresponding obligation to defend. Thus, the duty to defend can exist separate and apart from the duty to provide coverage, and resolution of the duty to defend and the duty to provide coverage does not revolve around one primary right or subject of controversy. Recovery on one issue does not bar recovery on the other. Furthermore, different evidence is involved in proving a duty to defend versus a duty to pay. Pursuant to our decisions in *Allstate Ins. Co.* and *Bargmann*, we conclude that Chief has pled two causes of action.

The trial court unequivocally found that Great Northern did not have a duty to defend. However, we conclude that the trial court did not fully decide the issue of whether the insurance contract provided coverage. Therefore, the trial court did not rule on both causes of action filed by Chief.

Pursuant to § 25-705, the resolution of one cause of action constitutes a final, appealable order only if the trial court expressly directs the entry of a final judgment on that one issue and expressly determines that there is no just reason for delay. In the case at bar, no express declarations were made in the trial court's order. Thus, the order from which Chief appeals and Great Northern cross-appeals is not a final, appealable order.

## CONCLUSION

In the absence of a judgment or order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *In re Interest of Dustin H. et al., ante* p. 166, 608 N.W.2d 580 (2000). For the reasons set forth herein, Chief's appeal and Great Northern's cross-appeal are dismissed.

APPEAL DISMISSED.