Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/13/2026 08:06 AM CST

- 830 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

Saint Joseph Tower Assisted Living Community,
appellee, v. Jayne Royce, appellant.

___ N.W.3d ___

Filed February 13, 2026.    No. S-24-904.

1. **Moot Question: Jurisdiction: Appeal and Error.** Because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, an appellate court reviews mootness determinations under the same standard of review as other jurisdictional questions.
2. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by lower courts.
3. **Moot Question: Words and Phrases.** A case is moot if the facts underlying the dispute have changed, such that the issues presented are no longer alive.
4. **Moot Question.** The central question in a mootness analysis is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.
5. **Moot Question: Appeal and Error.** The public interest exception to the mootness debate requires an appellate court to consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for guidance of public officials, and (3) the likelihood of recurrence of the same or a similar problem.

Appeal from the District Court for Douglas County, Peter C. Bataillon, Judge, on appeal thereto from the County Court for Douglas County, Beau G. Finley, Judge. Appeal dismissed.

Caitlin Cedfeldt and James Drawz, of Legal Aid of Nebraska, for appellant.

Mary M. Schott, of Evans & Dixon, L.L.C., for appellee.

- 831 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

FUNKE, C.J., CASSEL, STACY, PAPIK, FREUDENBERG, BERGEVIN, and VAUGHN, JJ.

FUNKE, C.J.

Jayne Royce appeals the order of the district court for Douglas County that affirmed the decision of the county court for Douglas County ruling in favor of Saint Joseph Tower Assisted Living Community (Saint Joseph) on its complaint for restitution of real property pursuant to the Uniform Residential Landlord and Tenant Act (URLTA).[1] We determine that because a writ of restitution was issued and Royce was removed from the property, no meaningful relief may be given and this appeal is moot. We reject Royce's arguments that the public interest exception applies, and we dismiss this appeal as moot.

## BACKGROUND

In May 2023, pursuant to a lease, Royce began residing in an apartment in a building owned by Saint Joseph. The lease incorporated provisions of a resident handbook and required the resident to, among other things, keep the premises "safe, clean and sanitary" and the apartment "tidy and free of clutter."

### FIRST AND SECOND NOTICES AND FIRST COMPLAINT FOR RESTITUTION

On August 31, 2023, Saint Joseph and Royce executed a "Negotiated Risk Agreement" (NRA) that documented Saint Joseph's concern that because of unpacked boxes that were "stacked everywhere," Royce was not meeting her obligation to keep the apartment tidy and free of clutter. The NRA included the following notice: "If [Royce] does not adequately clean up and clear out her apartment in the next two weeks a 30-day notice for discharge will be issued." On October 9, Saint Joseph provided Royce a letter stating that her apartment

---

[1] Neb. Rev. Stat. §§ 76-1401 to 76-1449 (Reissue 2018, Cum. Supp. 2024 & Supp. 2025).

- 832 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

was "still not cleaned to meet safety standards" and that because she had failed to abide by expectations set forth in the resident handbook, "a 30-day discharge notice [was] being issued" and she was "required to vacate the property . . . on or before November 8, 2023."

On January 17, 2024, Saint Joseph filed a complaint for restitution against Royce in the county court. Saint Joseph alleged in the complaint that Royce had failed to vacate the apartment in compliance with the notice Saint Joseph had given. A trial was held in the county court on February 8, and that same day, the county court dismissed Saint Joseph's complaint with prejudice. The journal entry and order filed in the county court stated that the court had granted a motion to dismiss made by Royce during closing arguments. The journal entry and order further stated that the dismissal was "[b]ased on evidence submitted at [t]rial" but did not set forth specific findings or further explain the reason for the dismissal.

### THIRD NOTICE AND SECOND
### COMPLAINT FOR RESTITUTION

On February 9, 2024, the day after the county court dismissed Saint Joseph's first complaint for restitution, Saint Joseph provided a letter to Royce stating that her lease was being terminated. The letter referred to the allegations of violations of the lease set forth in the October 9, 2023, notice and stated that the violations had been "continuous" since June 2023. The letter further stated that a visual inspection of Royce's apartment on February 2, 2024, "confirmed the apartment continue[d] in a cluttered, overcrowded, unclean[], and unsafe state" that "continue[d] to materially and negatively affect health and safety" in violation of the lease and the resident handbook. The letter stated that "a 14-day discharge notice [was] being issued" and that Royce was "required to vacate the property on or before February 23, 2024."

On February 26, 2024, Saint Joseph filed a new complaint for restitution in the county court. The caption of the complaint

- 833 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

referred to the action set forth in the complaint as an "Action for Possession" and referred to "Neb. Rev. Stat. § 76-1401 *et seq.* and Neb. Rev. Stats. § 76-1421 and § 76-1441."

## County Court's Order

After a trial, the county court filed an order on April 10, 2024, ruling in favor of Saint Joseph on its complaint for restitution. The court rejected Royce's argument that Saint Joseph's complaint should be dismissed because Saint Joseph failed to comply with § 76-1441(1)(a), which requires a complaint for restitution to contain "the specific statutory authority under which possession is sought." The court stated that "both parties [had] used the same statutory authority to argue their respective positions," and the court identified § 76-1431 as one of the statutes upon which both parties had relied. The court reasoned that Royce could not claim that she did not know the legal authority for Saint Joseph's arguments, and the court found that Saint Joseph's failure to cite § 76-1431 in its complaint "was a scrivener's error due to inadvertence and harmless in ultimate effect."

The county court found that the NRA executed on August 31, 2023, satisfied the statutory notice requirements of § 76-1431(1) by giving Royce notice she had 14 days to remedy the issues cited or a 30-day notice ending the tenancy would be issued. The county court also found that Saint Joseph's letter dated February 9, 2024, gave Royce a 14-day written notice of Saint Joseph's intent to terminate the lease and that the letter "complied with the statutory notice requirements in . . . § 76-1431(1) and was enforceable."

The county court rejected Royce's argument that the February 9, 2024, notice was waived when Saint Joseph accepted rent from Royce in December 2023 and January 2024. The court stated the argument was without merit considering the nature of the breach of the lease, as well as the language of §§ 76-1431 and 76-1433. The court also rejected Royce's argument that res judicata barred a finding against

- 834 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

her on the present complaint because of the court's dismissal of the first complaint on February 8. The court reasoned that its ruling on the first complaint was "without applicability to the present situation as this matter involves a different time period, a different factual scenario, and a different effective provision" of § 76-1431(1).

Turning to Saint Joseph's evidence of Royce's noncompliance, the county court found that "the cluttered condition of [Royce's] apartment and its significantly constricted passageways present a fire and safety risk" and "could materially affect the health and safety of those near this apartment" and that therefore, Royce had failed to keep her apartment clean and safe as required by the lease, the resident handbook, and Nebraska law. The county court specified that Royce was in violation of § 76-1421. The county court further found that Saint Joseph "had just cause to terminate" the lease, that Royce had "failed and refused to comply with the notice and vacate the apartment," and that Royce's possession of the apartment was unlawful. The court therefore entered judgment in favor of Saint Joseph on its complaint for restitution.

### Notice of Appeal, Supersedeas Bond, Order for Restitution, and Eviction

On April 10, 2024, Royce filed a notice of intent to appeal the county court's judgment to the district court. That same day, the county court filed an order setting a supersedeas bond of $4,000 to be paid within 3 business days and ordering Royce to pay an additional $4,000 per month during the appeal.

On April 18, 2024, Saint Joseph filed a motion for writ of restitution in the district court. Saint Joseph alleged that Royce had not posted the supersedeas bond within the 3 days set by the county court, and it therefore requested that a writ of restitution be issued. On April 24, the district court filed an order for restitution of premises in which it cited § 76-1447 as providing that an appeal stays the execution of a writ of

- 835 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

restitution but only so long as the party appealing deposits an appeal bond. The district court found that Royce had not posted the bond, and it therefore ordered that a writ of restitution be issued. A writ of restitution was issued directing the Douglas County sheriff to remove Royce from the apartment, and on May 3, the sheriff's office made a filing in the district court reporting that the eviction had been completed on May 1.

## APPEAL TO DISTRICT COURT

On June 24, 2024, Royce filed a statement of errors in the district court. Royce asserted, restated and renumbered, that the county court erred by (1) failing to dismiss Saint Joseph's complaint for failing to comply with the pleading requirements of § 76-1441(1)(a); (2) granting restitution when Saint Joseph had waived its right to enforce the NRA through the February 9, 2024, notice when it had accepted rent from Royce in December 2023 and January 2024; (3) failing to dismiss Saint Joseph's complaint based on res judicata and the county court's disposition of Saint Joseph's first complaint for restitution; and (4) setting a supersedeas bond of $4,000 plus an additional $4,000 per month, contrary to § 76-1447.

On July 1, 2024, the district court held a hearing on Royce's appeal. The court also heard arguments on a motion Saint Joseph had filed that same day in which, among other things, it urged the district court to dismiss the appeal as moot. Saint Joseph asserted that because Royce and her possessions had been out of the apartment since May, there was no relief that could be granted by the district court. Saint Joseph cited our decision in *NP Dodge Mgmt. Co. v. Holcomb*[2] to argue that the appeal was moot and that the public interest exception to mootness did not apply. At the end of the July 1 hearing, the district court stated it would take the matter under advisement and issue a written opinion.

---

[2] *NP Dodge Mgmt. Co. v. Holcomb*, 314 Neb. 748, 993 N.W.2d 105 (2023).

- 836 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
Saint Joseph Tower Assisted Living v. Royce
Cite as 320 Neb. 830

## District Court's Order

On November 6, 2024, the district court entered an order in which it rejected Royce's claims of error and affirmed the county court's judgment of restitution. Regarding Royce's claim that Saint Joseph's complaint failed to comply with the pleading requirements of § 76-1441(1)(a), the district court determined that Saint Joseph had set forth facts that were sufficient to meet the requirements of the statute.

Regarding Royce's claim that Saint Joseph had waived its right to enforce the NRA through the February 9, 2024, notice, the district court stated that the evidence showed that Saint Joseph had collected monthly rents from Royce after the first notice and that the acceptance of rent constituted a waiver of Saint Joseph's complaint for restitution based on the first notice. However, the district court further stated the evidence showed that conditions that violated the lease still existed when Saint Joseph gave the notice on February 9, and the court determined that while Saint Joseph's acceptance of rent in December 2023 and January 2024 waived its right to restitution based on the first notice, the acceptance of rent did not waive Saint Joseph's right to restitution based on the February 9 notice.

Regarding Royce's claim that Saint Joseph's complaint should have been dismissed based on res judicata and the county court's dismissal of Saint Joseph's first complaint, the district court stated that res judicata did not apply because when the county court dismissed the first complaint, it made no finding regarding whether Royce had violated the lease or had remedied any violation.

Regarding Royce's claim that the supersedeas bond was set at an amount contrary to § 76-1447, the district court determined that the bond set by the county court as an initial bond of $4,000 and monthly payments of $4,000 was improper because the evidence showed that when the complaint was filed, Royce owed $2,829 and her monthly rent was $943. The district court cited § 76-1447 as providing that the bond

- 837 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

be set at "'the amount of judgment and costs'" and requiring payment of, "'on a monthly basis, an amount equal to the monthly rent called for by the rental agreement at the time the complaint was filed.'" The court stated that the initial bond and the monthly payment amounts should have been set at $2,829 and $943, respectively. The district court, however, concluded that the supersedeas bond issue was moot because Royce had moved out of the apartment and there was nothing the district court could do to remedy the county court's error in setting the bond.

Royce appeals the district court's order affirming the county court's order.

## ASSIGNMENTS OF ERROR

Royce assigns that the district court erred in determining that the county court did not err in rejecting Royce's arguments that (1) Saint Joseph's complaint failed to comply with the pleading requirements of § 76-1441(1)(a), (2) Saint Joseph waived its right to terminate her lease when it accepted rent from her after the first notice period had ended, and (3) res judicata barred litigation related to the current notice because the issue of waiver had been decided against Saint Joseph in the first action. Royce also assigns that the district court erred in determining that the issue related to the supersedeas bond imposed by the county court was moot and that the public interest exception did not apply.

## STANDARD OF REVIEW

[1,2] Because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, an appellate court reviews mootness determinations under the same standard of review as other jurisdictional questions.[3] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate

---

[3] *Id.*

- 838 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

court to reach a conclusion independent of the decisions made by lower courts.[4]

## ANALYSIS

The district court determined that the supersedeas bond issue was moot because Royce had moved out of the apartment and there was no relief the district court could give to remedy the county court's error in setting the bond at an amount higher than what was warranted by the evidence and § 76-1447. We agree with the district court's determination that because Royce had been evicted and had moved out of the apartment, the supersedeas bond issue was moot. However, we further determine that the mootness analysis extends to all issues on appeal and that the entire appeal is moot.

[3,4] In *NP Dodge Mgmt. Co. v. Holcomb*, the county court had entered judgment in favor of a landlord in eviction proceedings brought under the URLTA, and the district court affirmed the county court's judgment on appeal.[5] On appeal to this court, we considered whether the case was moot given that a writ of restitution had been executed and the tenant had been removed from the apartment. We stated the propositions that a case is moot if the facts underlying the dispute have changed, such that the issues presented are no longer alive, and that the central question in a mootness analysis is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.[6] We further cited with favor the proposition from another state supreme court that a moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening

---

[4] *Id.*

[5] *Id.*

[6] *Id.* (citing *Nebuda v. Dodge Cty. Sch. Dist. 0062*, 290 Neb. 740, 861 N.W.2d 742 (2015)).

- 839 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

event renders any grant of effectual relief impossible for the reviewing court.[7]

Applying these standards, we determined in *NP Dodge Mgmt. Co. v. Holcomb* that the case was moot. We reasoned that there was no meaningful relief we could provide to remedy any errors pertaining to the tenant's attempt to stay in her apartment pending appeal because the tenant had been removed from her apartment prior to the completion of the appellate process, and we reasoned that even if we were to find error in that removal, there was nothing we could do at that time that would allow the tenant to stay in her apartment pending appeal.[8] We further reasoned that an action under the URLTA determines only "who is entitled to immediate possession," and the tenant offered no reason that she would be entitled to possession of the apartment at the time of the appeal.[9]

[5] We then considered in *NP Dodge Mgmt. Co. v. Holcomb* whether the public interest exception to the mootness doctrine applied. We stated that the public interest exception to the mootness doctrine requires us to consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for guidance of public officials, and (3) the likelihood of recurrence of the same or a similar problem.[10] We further cited the proposition that even if a problem is likely to recur, it is generally inappropriate for an appellate court to review a moot case that does not evade review as a result of a transitory setting.[11] Applying these standards, we rejected the tenant's arguments that the public interest

---

[7] *NP Dodge Mgmt. Co. v. Holcomb, supra* note 2 (citing *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 630 S.E.2d 474 (2006)).

[8] See *NP Dodge Mgmt. Co. v. Holcomb, supra* note 2.

[9] *Id*. at 753-54, 993 N.W.2d at 110.

[10] *NP Dodge Mgmt. Co. v. Holcomb, supra* note 2 (citing *Rath v. City of Sutton*, 267 Neb. 265, 673 N.W.2d 869 (2004)).

[11] *NP Dodge Mgmt. Co. v. Holcomb, supra* note 2 (citing *Beachy v. Becerra*, 259 Neb. 299, 609 N.W.2d 648 (2000)).

- 840 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

exception to the mootness doctrine applied, and we reasoned that under the URLTA, "there are means by which a tenant can stay enforcement of a writ of restitution pending appeal"[12] and that issues raised on appeal were "bound up with the peculiar procedural history of this particular case."[13] We also rejected the tenant's arguments based on a separate exception to the mootness doctrine, the collateral consequences exception, and we reasoned that the collateral consequences exception does not apply outside the criminal context.[14]

Like the tenant in *NP Dodge Mgmt. Co. v. Holcomb*, Royce was evicted from her apartment after the county court entered its order and before the district court decided her appeal. In arguing the mootness issue in this appeal, Royce does not assert that there is relief we can provide at this time to enforce a current right to possession of the apartment; instead, she argues that issues in this appeal fall within the public interest exception to the mootness doctrine. Therefore, we determine that based on our reasoning in *NP Dodge Mgmt. Co. v. Holcomb*, the present appeal is moot, and we consider Royce's arguments regarding the public interest exception.

Royce argues that the public interest exception applies in this case because this appeal presents "public question[s]"[15] and "there is a need for guidance for public officials because there is a likelihood of future recurrence."[16] She also argues that "cases governed by URLTA usually evade an appellate court's review."[17] Royce further makes arguments relating to the consequences of her eviction—like the arguments we rejected in *NP Dodge Mgmt. Co. v. Holcomb*—as arguments for applying the collateral consequences exception.

---

[12] *Id*. at 755, 993 N.W.2d at 111.

[13] *Id*. at 756, 993 N.W.2d at 112.

[14] See *NP Dodge Mgmt. Co. v. Holcomb, supra* note 2.

[15] Brief for appellant at 28.

[16] *Id*. at 28-29.

[17] *Id*. at 27.

- 841 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

We reject Royce's public interest exception arguments for the reasons we rejected similar arguments in *NP Dodge Mgmt. Co. v. Holcomb*. The issues raised in Royce's assignments of error regarding the pleading requirements of § 76-1441(1)(a), waiver under § 76-1433 of the right to terminate a lease, and res judicata arise from the peculiar procedural history of this case and are issues that could be reviewed on appeal when a tenant successfully stays enforcement of a writ of restitution under the URLTA.

Based on similar reasoning and the precedent of *NP Dodge Mgmt. Co. v. Holcomb*, we also reject Royce's public interest arguments as they relate to the supersedeas bond issue. Regarding the bond issue, Royce may have a better argument that the issue evades appellate review because the county court's setting an excessive bond prevented her from using the method provided in the URLTA to stay a writ of restitution pending the appeal. However, in *NP Dodge Mgmt. Co. v. Holcomb*, the tenant raised a similar argument regarding her allegations that the county court violated § 76-1447 by issuing a writ of restitution prior to setting the appeal bond and without first serving her notice that the writ would be issued. We determined the issues did not warrant review under the public interest exception because they were "bound up with the peculiar procedural history" of the case,[18] and we found it unlikely the issues would recur because we "doubt that future courts will fail to set an appeal bond when asked or that future litigants will fail to avail themselves of all legal avenues to avoid an impending eviction."[19]

We decline to apply the public interest exception to the supersedeas bond issue in this case because we do not see a need for guidance, and we find it unlikely that the issue will recur. Royce states that the county court "set[] the supersedeas

---

[18] *NP Dodge Mgmt. Co. v. Holcomb, supra* note 2, 314 Neb. at 756, 993 N.W.2d at 112.

[19] *Id*. at 757, 993 N.W.2d at 112.

- 842 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
320 NEBRASKA REPORTS
SAINT JOSEPH TOWER ASSISTED LIVING v. ROYCE
Cite as 320 Neb. 830

bond at over four times the monthly rental obligation."[20] Although the district court determined that the supersedeas bond issue was moot because it could provide no relief, the district court nevertheless addressed the propriety of the bond and agreed with Royce that the county court had set the bond at an amount higher than "'the amount of judgment and costs,'" as authorized under the language of § 76-1447, and that the county court required additional monthly payments that were higher than "an amount equal to the monthly rent called for by the rental agreement at the time the complaint was filed," as authorized under the language of § 76-1447. Saint Joseph did not cross-appeal and does not take issue with this determination by the district court. In its brief, Saint Joseph argues that guidance is not needed because § 76-1447 is clear and this case is "just one case in which the County Court may have set a Supersedeas Bond too high."[21] The parties and the district court appear to agree that the county court set the bond in this case above the amount authorized by § 76-1447, and the language of § 76-1447 appears to give clear guidance on the amount at which a bond should be set. Therefore, as we reasoned in *NP Dodge Mgmt. Co. v. Holcomb*, we do not think the alleged error in setting the supersedeas bond in this case is likely to recur, and we do not see a need for appellate court guidance on the requirements set forth in § 76-1447. We therefore decline to apply the public interest exception to consider the supersedeas bond issue.

## CONCLUSION

For the reasons set forth above, we determine that the issues in this appeal are moot, and we decline to apply the public interest exception to consider any of the issues on appeal. We therefore dismiss the appeal.

APPEAL DISMISSED.

---

[20] Brief for appellant at 36.

[21] Brief for appellee at 21.