278 Neb. 306
STATE OF NEBRASKA, APPELLEE,
v.
DARIN C. YORK, APPELLANT.
No. S-08-884.
Supreme Court of Nebraska.
Filed August 7, 2009.
Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Darin C. York pled guilty to incest pursuant to a plea agreement in Morrill County District Court, and the court sentenced him to 4 to 6 years' imprisonment. York filed a motion under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008), alleging ineffective assistance of counsel, but he was released from prison before this court heard oral arguments. York claims that despite his release, he remains "in custody under sentence." See § 29-3001. York asserts that he can still seek postconviction relief because he is required to register as a sex offender for 10 years pursuant to Nebraska's Sex Offender Registration Act (SORA), Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2008).

SCOPE OF REVIEW
[1] One seeking postconviction relief has the burden of establishing a basis for such relief. State v. Thomas, 236 Neb. 553, 462 N.W.2d 862 (1990).
[2, 3] Mootness does not prevent appellate jurisdiction. But, because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, we have reviewed mootness determinations under the same standard of review as other jurisdictional questions. A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. BryanLGH v. Nebraska Dept. of Health & Human Servs., 276 Neb. 596, 755 N.W.2d 807 (2008).

FACTS
On August 8, 2005, York pled guilty to one count of incest, a Class III felony, pursuant to a plea agreement that his attorney negotiated with the Morrill County Attorney. See Neb. Rev. Stat. §§ 28-703 and 28-105 (Reissue 2008). The underlying circumstances of the charge were that York had been having sexual intercourse with his younger sister for several years.
York's sister came forward with allegations of incest in August 2003. She alleged that York had subjected her to incest more than 50 times over a period of years beginning when she was 7 or 8 years old and York was between 10 and 12 years old. She alleged that the most recent incident occurred around Thanksgiving of 2002. At that time, York was 18 and his sister was 14.
After York was accused of this crime, York and his parents retained attorney David Eubanks to represent York. By the time he met with Eubanks, York had already confessed the sexual assaults to his parents, fiance, and pastor. Eubanks advised York to make a statement to the Nebraska State Patrol, which York did. York admitted that he had sex with his sister, but stated that they had sex approximately five times. He stated that the incest began when he was 15 and she was 11 and that the last incident occurred 4 days prior to his 17th birthday, which would have been approximately March 16, 2001.
Eubanks negotiated a plea agreement with the Morrill County Attorney, pursuant to which York agreed to cooperate with the investigation and plead guilty to one count of incest based on the alleged November 2002 incident. In return, the county attorney would not file additional charges. Eubanks stated that he advised York that probation was a possibility but not a guarantee. However, York alleges he believed that in exchange for his plea, the prosecutor would remain silent during sentencing. Based on his understanding of the agreement, York thought he would receive a sentence of probation. Accordingly, in August 2005, York pled guilty to the November 2002 incident. The district court accepted York's plea and sentenced him to 4 to 6 years in prison.
York appealed, claiming an excessive sentence and ineffective assistance of counsel based on conflict of interest and improper advice that he would receive probation if he pled guilty. York's conflict of interest claim was based on the fact that while his criminal case was pending, Eubanks was also representing York's parents in a civil claim for damages arising from a car accident involving York's sister. The appeal was not successful.
York then filed a motion for postconviction relief, again alleging ineffective assistance of counsel due to conflict of interest and counsel's promise that York would receive probation. He also claimed that his appellate counsel should have raised the issue of Eubanks' failing to object to a violation of the plea agreement.
The district court denied York's motion on July 22, 2008. It noted that in light of York's admissions, defenses of nonoccurrence, alibi, or nature of the assault were not appropriate and his sister's credibility was not at issue. The court also determined that the evidence did not indicate Eubanks promised York he would receive probation and that the record did not support a finding that the final plea agreement contained a provision requiring the prosecutor to remain silent at sentencing. York filed a notice of appeal on August 14. On September 11, he was discharged from prison. He was not placed on parole.
This court heard oral arguments in the case at bar on March 31, 2009. At that time, neither party could inform the court as to York's custodial status, so the parties were ordered to advise the court of York's status. The State filed a written response that York had been released from prison and was not on parole. York informed the court that he is no longer incarcerated or on parole, but that he is required to register as a sex offender pursuant to § 29-4003(1)(a)(vii) for a period of at least 10 years. Based on that requirement, York claims he is still "under a sentence" for purposes of the Nebraska Postconviction Act.

ASSIGNMENT OF ERROR
York assigns that the district court erred in denying his request for postconviction relief.

ANALYSIS
[4] York alleges ineffective assistance of counsel because Eubanks represented him in a criminal case while simultaneously representing York's parents in a civil case on behalf of his sister, who was his victim in the criminal case. We do not reach the issue of ineffective assistance of counsel in this case, because York does not have standing to seek postconviction relief. The Nebraska Postconviction Act provides that postconviction relief is available to "[a] prisoner in custody under sentence" who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. See § 29-3001 (emphasis supplied). York has the burden of establishing a basis for such relief. See State v. Thomas, 236 Neb. 553, 462 N.W.2d 862 (1990).
[5] The Nebraska Postconviction Act affords relief to prisoners who are in custody, on parole, or on probation in nebraska under a nebraska sentence. see, State v. Costanzo, 242 neb. 478, 495 RW.2d 904 (1993); State v. Styskal, 242 neb. 26, 493 RW.2d 313 (1992); Thomas, supra; State v. Harper, 233 neb. 841, 448 RW.2d 407 (1989). It is undisputed that York is not incarcerated, on parole, or on probation. York alleges, however, that he is required to register as a sex offender pursuant to the sorA for at least 10 years. He claims that this requirement renders him "in custody under sentence" such that he should be permitted to seek relief under the nebraska Postconviction Act. See § 29-3001. We conclude that an individual who is subject to the registration requirements under the SORA is not "in custody under sentence" for purposes of the nebraska Postconviction Act. See § 29-3001.
[6] The SORA applies to any person who pleads guilty to or is found guilty of certain listed offenses, including incest of a minor as defined by § 28-703. See State v. Payan, 277 neb. 663, 765 RW.2d 192 (2009). The SORA includes a general requirement that a person convicted of these listed offenses must register with the sheriff of the county in which he or she resides during any period of supervised release, probation, or parole, "for a period of ten years after the date of discharge from probation, parole, or supervised release or release from incarceration, whichever date is most recent." § 29-4005(1). The sentencing court may identify certain sex offenders as aggravated offenders who are subject to more restrictive requirements; however, there is no evidence that the sentencing court made such findings regarding York, and we decline to consider that scenario at this time. See, Payan, supra; State v. Worm, 268 neb. 74, 680 RW.2d 151 (2004).
We have held that because the SORA's registration requirements arise solely and independently by the terms of the act itself only after the defendant's conviction, it is a collateral consequence of the conviction. See, State v. Schneider, 263 neb. 318, 640 RW.2d 8 (2002); State v. Torres, 254 neb. 91, 574 RW.2d 153 (1998). Further, the restrictions SORA registrants face are minimal compared to those faced by individuals we have found to be "in custody" for purposes of postconviction relief.
Parolees, for example, although not in the State's physical custody, are still under the jurisdiction of the Nebraska Board of Parole and face returning to prison if their parole is revoked. See Thomas, supra. Conditions of parole may forbid an individual from leaving a geographical area without permission, require that the individual remain employed, require the individual to submit to medical or psychological treatment, or forbid the individual from associating with certain persons. See id. SORA registrants are not subject to such limitations. Accordingly, York is no longer in custody in Nebraska under a Nebraska sentence and his appeal is moot.

CONCLUSION
Postconviction relief is available only to a prisoner in actual custody, on parole, or on probation in Nebraska under a Nebraska sentence. Relief is not extended to individuals who are no longer in custody but are subject to noncustodial registration requirements pursuant to the SORA. Because York is no longer in custody in Nebraska under a Nebraska sentence, his appeal is dismissed as moot.
APPEAL DISMISSED.