Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/01/2016 09:05 AM CDT

ABDUL H. AL-AMEEN, APPELLANT, V. SCOTT R. FRAKES,
DIRECTOR, NEBRASKA DEPARTMENT OF CORRECTIONAL
SERVICES, ET AL., APPELLEES.

___ N.W.2d ___

Filed April 1, 2016.    No. S-15-452.

1. **Moot Question: Jurisdiction: Appeal and Error.** Mootness does not
   prevent appellate jurisdiction. But, because mootness is a justiciability
   doctrine that operates to prevent courts from exercising jurisdiction,
   appellate courts review mootness determinations under the same stan-
   dard of review as other jurisdictional questions.
2. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question
   that does not involve a factual dispute is determined by an appellate
   court as a matter of law, which requires the appellate court to reach a
   conclusion independent of the lower court's decision.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, it is the duty of an appellate court to determine
   whether it has jurisdiction over the matter before it.
4. **Courts: Jurisdiction.** While it is not a constitutional prerequisite for
   jurisdiction, the existence of an actual case or controversy is necessary
   for the exercise of judicial power.
5. **Moot Question.** A case becomes moot when the issues initially pre-
   sented in litigation cease to exist or the litigants lack a legally cogni-
   zable interest in the outcome of litigation.
6. **Moot Question: Words and Phrases.** A moot case is one which seeks
   to determine a question which does not rest upon existing facts or rights,
   in which the issues presented are no longer alive.
7. **Habeas Corpus.** The habeas corpus writ provides illegally detained
   prisoners with a mechanism for challenging the legality of a person's
   detention, imprisonment, or custodial deprivation of liberty.
8. **Moot Question: Appeal and Error.** An appellate court may choose to
   review an otherwise moot case under the public interest exception if it
   involves a matter affecting the public interest or when other rights or
   liabilities may be affected by its determination.

Appeal from the District Court for Lancaster County: John A. Colborn, Judge. Appeal dismissed.

Gerald L. Soucie for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellees.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, and Stacy, JJ.

Wright, J.

## NATURE OF CASE

This is an appeal from the denial of a petition for a writ of habeas corpus. The petitioner, Abdul H. Al-Ameen, was erroneously discharged from the custody of the Nebraska Department of Correctional Services (Department) prior to completing his lawful sentence. He was later taken back into custody after the Department realized that his mandatory discharge date had been erroneously calculated by giving good time credit on the 10-year mandatory minimum portion of his sentence.

Al-Ameen filed a petition for a writ of habeas corpus, challenging the Department's continuing exercise of custody. The district court dismissed Al-Ameen's petition with prejudice. Al-Ameen appeals. Because Al-Ameen has since been released from the Department's custody, we dismiss this appeal as moot.

## FACTS

Al-Ameen was convicted of possession of a deadly weapon by a felon and found to be a habitual criminal. He was sentenced to 10 to 15 years' imprisonment with 446 days' credit for time served. His sentence carried a mandatory minimum of 10 years' imprisonment due to the habitual criminal enhancement.[1]

---

[1] See Neb. Rev. Stat. § 29-2221 (Reissue 2008).

On August 15, 2013, Al-Ameen was erroneously discharged by the Department prior to completing his lawful sentence. At the time of discharge, he had served the 10-year mandatory minimum prison sentence but still had 2½ years remaining before he would be eligible for mandatory discharge.

Upon discovery of the error in June 2014, the State sought an arrest and commitment warrant for the return of Al-Ameen to the Department to serve the remainder of his sentence. The State's motion was supported by the affidavit of Michael Kenney, the then director of the Department, which affidavit stated that the Department "erroneously released [Al-Ameen] from custody prior to his mandatory discharge date by erroneously deducting good time credit from [Al-Ameen's] mandatory minimum sentence." The district court issued an arrest and commitment warrant on June 26, 2014, and Al-Ameen was taken back into custody the following day.

Al-Ameen petitioned for a writ of habeas corpus in the district court for Lancaster County challenging the Department's continuing exercise of custody. The district court dismissed Al-Ameen's habeas petition with prejudice. Al-Ameen appeals from that judgment.

## ASSIGNMENTS OF ERROR

Al-Ameen assigns that the district court erred in denying his petition for writ of habeas corpus. He asserts that the commitment order entered on June 26, 2014, was void and unlawful for the following reasons: (1) the motions and orders relating to Al-Ameen's rearrest and recommitment were filed under the wrong case number, (2) the unconditional discharge of Al-Ameen was within the discretion of the Department and consistent with the Department's policy that had been in existence since at least September 1996, (3) the affirmative actions of the Department established a waiver such that Al-Ameen could not be returned to custody, and (4) the procedures used to obtain the arrest and commitment warrant were so lacking in fundamental due process rights so as to be void and without jurisdiction.

## STANDARD OF REVIEW

[1,2] Mootness does not prevent appellate jurisdiction. But, because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, we have reviewed mootness determinations under the same standard of review as other jurisdictional questions.[2] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[3]

## ANALYSIS

[3,4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power.[5]

[5,6] A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation.[6] A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive.[7] As a general rule, a moot case is subject to summary dismissal.[8]

[7] On appeal, Al-Ameen asserts the district court erred in denying his petition for a writ of habeas corpus. The habeas

---

[2] *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009).

[3] *Id.*

[4] *Greater Omaha Realty Co. v. City of Omaha*, 258 Neb. 714, 605 N.W.2d 472 (2000).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

corpus writ provides illegally detained prisoners with a mechanism for challenging the legality of a person's detention, imprisonment, or custodial deprivation of liberty.[9] However, Al-Ameen is no longer being detained or deprived of liberty. The record before us contains an affidavit from the Department's records administrator indicating that Al-Ameen's mandatory release date was January 13, 2016. Because Al-Ameen has been mandatorily discharged and there is no evidence that he has not been discharged, this appeal is moot.

[8] An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.[10] This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.[11] We decline to apply the public interest exception here because the issues presented in this appeal are virtually identical to those we addressed in the companion case of *Evans v. Frakes*.[12]

## CONCLUSION

Because Al-Ameen has been mandatorily discharged and is no longer in the custody of the Department, we dismiss his appeal as moot.

Appeal dismissed.

---

[9] *Caton v. State*, 291 Neb. 939, 869 N.W.2d 911 (2015).

[10] *Davis v. Settle*, 266 Neb. 232, 665 N.W.2d 6 (2003).

[11] *Id.*

[12] *Evans v. Frakes, post* p. 253, ___ N.W.2d ___ (2016).