Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/04/2018 12:20 AM CDT

Karen Simms, biological grandmother and
next friend of Megan Marie Friel et al.,
minor children, appellee, v. Jeffrey
Allen Friel, appellant.
___ N.W.2d ___

Filed March 20, 2018.    No. A-17-054.

1. **Visitation: Appeal and Error.** Determinations concerning grandparent
   visitation are initially entrusted to the discretion of the trial judge, whose
   determinations, on appeal, will be reviewed de novo on the record and
   affirmed in the absence of abuse of the trial judge's discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when
   a judge, within the effective limits of authorized judicial power, elects
   to act or refrain from action, but the selected option results in a deci-
   sion which is untenable and unfairly deprives a litigant of a substantial
   right or a just result in matters submitted for disposition through the
   judicial system.
3. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question
   that does not involve a factual dispute is determined by an appellate
   court as a matter of law, which requires the appellate court to reach a
   conclusion independent of the lower court's decision.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, it is the duty of an appellate court to determine
   whether it has jurisdiction over the matter before it.
5. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court
   to acquire jurisdiction of an appeal, there must be a final order entered
   by the court from which the appeal is taken.
6. **Final Orders: Appeal and Error.** Among the three types of final orders
   which may be reviewed on appeal is an order that affects a substantial
   right made during a special proceeding.
7. **Juvenile Courts: Parental Rights: Parent and Child: Time: Final
   Orders.** Whether a substantial right of a parent has been affected by
   an order in juvenile court litigation is dependent upon both the object

of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed.

8. **Moot Question: Jurisdiction: Appeal and Error.** Mootness does not prevent appellate jurisdiction. But, because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, appellate courts review mootness determinations under the same standard of review as other jurisdictional questions.

9. **Moot Question.** A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation.

10. **Moot Question: Words and Phrases.** A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive.

11. **Moot Question.** As a general rule, a moot case is subject to summary dismissal.

12. **Moot Question: Appeal and Error.** An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.

13. ____: ____. When determining whether a case involves a matter of public interest, an appellate court considers the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or similar problem.

14. **Courts: Visitation.** A district court has inherent authority to issue a temporary order allowing visitation during the pendency of a proceeding for grandparent visitation.

15. ____: ____. A district court must make specific findings as set forth in Neb. Rev. Stat. § 43-1802(2) (Reissue 2016) before granting grandparent visitation.

Appeal from the District Court for Sarpy County: Stefanie A. Martinez, County Judge. Appeal dismissed.

Jeffrey A. Wagner, of Schirber & Wagner, L.L.P., for appellant.

Aimee S. Melton, of Reagan, Melton & Delaney, L.L.P., for appellee.

Moore, Chief Judge, and Riedmann, Judge, and Inbody, Judge, Retired.

Moore, Chief Judge.

## I. INTRODUCTION

Jeffrey Allen Friel appeals from an order entered by the district court for Sarpy County which granted Karen Simms, a grandparent to the minor children at issue, temporary visitation. Because we find that Friel's appeal is now moot, we dismiss the appeal. However, under the public interest exception, we determine that a district court has inherent authority to grant temporary grandparent visitation during the pendency of the proceeding. We further determine that a district court must make specific findings as set forth in Neb. Rev. Stat. § 43-1802(2) (Reissue 2016) before granting grandparent visitation.

## II. BACKGROUND

In May 2016, Simms, the maternal grandmother of Friel's three minor children, filed a complaint for the establishment of grandparent visitation pursuant to § 43-1802. Simms alleged that her daughter, the mother of the children, had died from a "sudden cardiac arrest" in February 2016 and that Friel had since refused to allow Simms to see her grandchildren despite her previous frequent contact with them. Simms alleged that at the time of her daughter's death, Friel and her daughter were separated and there was a pending dissolution of marriage action. In his answer, Friel denied, among other things, that it would be in the best interests of the children to order grandparent visitation with Simms and he asked that the complaint be dismissed.

Simms thereafter filed a motion to appoint an expert witness and/or guardian ad litem to make recommendations as to the children's best interests. A hearing was initially held on August 22, 2016, and the order indicated that affidavits and arguments were offered by both parties; however, our record does not contain any affidavits. In an order entered on September 16, the court ordered Friel to produce reports from counselors, psychologists, or other therapists that have seen

the minor children since February 2016 and ordered the parties to attend mediation.

On October 24, 2016, another hearing was held on Simms' motion, at which time arguments were heard regarding the necessity of an expert witness. Simms also made an oral motion for "some temporary visitation" while the case was proceeding. The court allowed the parties 10 days to submit affidavits in regard to the oral motion. On November 10, the court entered an order appointing an expert witness. On November 15, the court entered an order on Simms' oral motion for temporary visitation. The court stated that it had considered the affidavits filed and the arguments by both parties, but, again, our record does not contain any affidavits. The court granted Simms visitation with the children 1 day each month, from 9 a.m. to 5 p.m., from November 2016 through May 2017.

On November 18, 2016, Friel filed a motion to alter or amend the judgment or, in the alternative, to vacate the November 10 and 15 orders. The court denied the motion in an order entered on December 23 in which it also denied Friel's oral motion for supersedeas bond. Friel appeals.

### III. ASSIGNMENTS OF ERROR

Friel assigns, as summarized, that the district court erred in ordering him to provide visitation to Simms because (1) the statutes establishing grandparent visitation do not allow for temporary orders and (2) the court did not make the required statutory findings before ordering grandparent visitation.

### IV. STANDARD OF REVIEW

[1,2] Determinations concerning grandparent visitation are initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of abuse of the trial judge's discretion. *Hamit v. Hamit*, 271 Neb. 659, 715 N.W.2d 512 (2006). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in

a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Id.*

[3] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Al-Ameen v. Frakes*, 293 Neb. 248, 876 N.W.2d 635 (2016).

## V. ANALYSIS

### 1. Jurisdiction

The parties were previously ordered to address in their appellate briefs the jurisdictional question of whether the temporary order entered on November 15, 2016, was a final, appealable order. Simms thereafter filed a motion to dismiss the appeal, asserting that the order was not a final, appealable order; that Friel failed to timely appeal from the order; and that the appeal of the temporary visitation issue is now moot. We overruled the motion without prejudice to consideration of the jurisdiction issues raised in the motion following completion of briefing and submission of the appeal.

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Al-Ameen v. Frakes, supra.*

### (a) Final, Appealable Order

[5,6] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015). Among the three types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding. *Id.* Therefore, we must consider whether the order of the district court which granted Simms temporary visitation affected a substantial right.

[7] There is no question that the parent-child relationship is a constitutionally protected right and is entitled to protection from intrusion into that relationship. See *In re Guardianship of D.J.*, 268 Neb. 239, 682 N.W.2d 238 (2004). Whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed. *In re Interest of Cassandra B. & Moira B., supra*. In *In re Interest of Cassandra B. & Moira B.*, an order affecting a parent's educational rights to a juvenile that lasted approximately 6 months was found to be appealable as affecting a substantial right.

*In re Interest of Zachary W. & Alyssa W.*, 3 Neb. App. 274, 526 N.W.2d 233 (1994), was an appeal involving an order by the juvenile court granting grandparent visitation for an indeterminate period of time until at least an upcoming adjudication hearing. This court found that the order being appealed was of "sufficient importance and may reasonably be expected to last a sufficiently long period of time that the order affects a substantial right of [the parent]." *Id.* at 278, 526 N.W.2d at 237.

We conclude that the November 15, 2016, order, granting Simms grandparent visitation, affected a substantial right of Friel and was a final, appealable order. And because this was a final, appealable order, Friel's motion to alter or amend the judgment or, in the alternative, to vacate the judgment tolled the time for filing the appeal. See, Neb. Rev. Stat. § 25-1239 (Reissue 2016); Neb. Rev. Stat. § 25-1912(3) (Reissue 2016). Friel's notice of appeal was timely filed from the December 23 order overruling his motion.

### (b) Mootness

Friel argues that because the last date covered by the temporary order granting her grandparent visitation was May 25, 2017, the appeal has become moot. We agree that the order

granting temporary visitation expired by its terms in May 2017 and that thus, the issues presented by Friel in this appeal have become moot.

[8-11] Mootness does not prevent appellate jurisdiction. But, because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, appellate courts review mootness determinations under the same standard of review as other jurisdictional questions. *Al-Ameen v. Frakes*, 293 Neb. 248, 876 N.W.2d 635 (2016). A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation. *Id*. A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id*. As a general rule, a moot case is subject to summary dismissal. *Id*.

[12,13] An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. *Id*. This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or similar problem. *Id*.

Friel asserts that the district court did not have authority to issue a temporary order for grandparent visitation as temporary orders are not specifically provided for in the grandparent visitation statutes. He also asserts that the district court failed to make the requisite statutory findings regarding best interests of the child.

Section 43-1802(2) provides as follows:

> In determining whether a grandparent shall be granted visitation, the court shall require evidence concerning the beneficial nature of the relationship of the grandparent to the child. The evidence may be presented by affidavit

and shall demonstrate that a significant beneficial relationship exists, or has existed in the past, between the grandparent and the child and that it would be in the best interests of the child to allow such relationship to continue. Reasonable rights of visitation may be granted when the court determines by clear and convincing evidence that there is, or has been, a significant beneficial relationship between the grandparent and the child, that it is in the best interests of the child that such relationship continue, and that such visitation will not adversely interfere with the parent-child relationship.

We have found no reported appellate cases that address the specific questions presented by this appeal: whether a district court has authority to issue a temporary order of grandparent visitation and whether the court is required to make specific findings regarding the beneficial relationship between the grandparent and child and the best interests of the child. We therefore choose to apply the public interest exception to the mootness doctrine to provide future guidance for the courts.

### 2. Temporary Grandparent Visitation

Friel argues that the district court did not have authority to issue a temporary order granting Simms grandparent visitation. Friel points to the grandparent visitation statutes, Neb. Rev. Stat. § 43-1801 et seq. (Reissue 2016), which do not contain a specific reference to temporary orders.

In support of her argument that the district court had authority to issue a temporary order for grandparent visitation, Simms argues that Neb. Rev. Stat. § 43-1227(3) (Reissue 2016) defines "[c]hild custody determination" as an order "providing for the legal custody, physical custody, *or visitation* with respect to a child," including a "permanent, *temporary*, initial, and modification order." (Emphasis supplied.) Section 43-1227 is part of the Uniform Child Custody Jurisdiction and Enforcement Act. The act defines "[c]hild custody proceeding"

in § 43-1227(4) as a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. Section 43-1227 goes on to set forth the various proceedings which are included in the definition, such as proceedings for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence. The definition does not include grandparent visitation proceedings.

Moreover, the inclusion of visitation proceedings within application of the Uniform Child Custody Jurisdiction and Enforcement Act (and its reference to temporary orders) does not lead to the conclusion that temporary orders are necessarily allowed in grandparent visitation proceedings. In the context of legal separation or divorce actions, the statutes specifically provide for temporary orders during the pendency of a proceeding. See Neb. Rev. Stat. § 42-357 (Reissue 2016). As noted above, there is no such specific provision in the grandparent visitation statutes.

Nevertheless, we note that several grandparent visitation cases have shown that a temporary order was issued during the pendency of the proceeding. See, *Hamit v. Hamit*, 271 Neb. 659, 715 N.W.2d 512 (2006); *Pier v. Bolles*, 257 Neb. 120, 596 N.W.2d 1 (1999); *Rust v. Buckler*, 247 Neb. 852, 530 N.W.2d 630 (1995), *overruled on other grounds, Raney v. Blecha*, 258 Neb. 731, 605 N.W.2d 449 (2000). While the grandparent visitation statutes do not include a specific provision regarding temporary orders, a district court has inherent power to do all things necessary for the administration of justice within the scope of its jurisdiction. See, *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017); *Charleen J. v. Blake O.*, 289 Neb. 454, 855 N.W.2d 587 (2014). Appellate review of a district court's use of inherent power is for an abuse of discretion. *Putnam v. Scherbring, supra*.

[14] We conclude that a district court has inherent authority to issue a temporary order allowing visitation during the pendency of a proceeding for grandparent visitation.

### 3. Findings Required
### Under § 43-1802(2)

[15] For the sake of completeness, we address Friel's argument that the district court is required to make specific findings before granting grandparent visitation. We agree. As set forth above, § 43-1802(2) provides in part:

> Reasonable rights of visitation may be granted when the court determines by clear and convincing evidence that there is, or has been, a significant beneficial relationship between the grandparent and the child, that it is in the best interests of the child that such relationship continue, and that such visitation will not adversely interfere with the parent-child relationship.

Clearly, a district court must make specific findings as set forth in § 43-1802(2) before granting grandparent visitation.

## VI. CONCLUSION

Although Friel's appeal of the order granting Simms temporary visitation with Friel's children is now moot, we determine, under the public interest exception, that a district court has inherent authority to enter temporary orders of visitation in grandparent visitation proceedings. We also determine that a district court is required to make specific findings as set forth in § 43-1802(2) before granting grandparent visitation.

Appeal dismissed.