Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/05/2019 09:08 AM CDT

Karen Simms, biological grandmother and
next friend of Megan Marie Friel et al.,
minor children, appellee, v. Jeffrey
Allen Friel, appellant.

___ N.W.2d ___

Filed January 11, 2019.    No. S-17-054.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.
3. **Final Orders: Appeal and Error.** Among the three types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding.
4. ____: ____. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Riedmann, Judge, and Inbody, Judge, Retired, on appeal thereto from the District Court for Sarpy County, Stefanie A. Martinez, County Judge. Judgment of Court of Appeals affirmed.

Jeffrey A. Wagner, of Schirber & Wagner, L.L.P., for appellant.

Aimee S. Melton, of Reagan, Melton & Delaney, L.L.P., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PAPIK, J.

After the district court granted temporary visitation of his minor children to the children's maternal grandmother, Karen Simms, Jeffrey Allen Friel appealed. Friel contended that the district court lacked the authority to make a temporary order. The Nebraska Court of Appeals determined that the temporary visitation order was a final, appealable order, but that the appeal was moot because the order had expired by its terms. See *Simms v. Friel*, 25 Neb. App. 640, 911 N.W.2d 636 (2018). The Court of Appeals nonetheless examined the merits of Friel's claims under the public interest exception to the mootness doctrine and found that district courts do have authority to issue temporary orders allowing visitation during the pendency of grandparent visitation proceedings. On further review, we conclude that the order for temporary grandparent visitation was not a final, appealable order. Therefore, although we disagree with the Court of Appeals' conclusion that it had jurisdiction over the case, we affirm its dismissal of the appeal.

BACKGROUND

*District Court.*

Simms, the maternal grandmother of Friel's three minor children, filed a petition for grandparent visitation under Neb. Rev. Stat. § 43-1802 (Reissue 2016). Simms alleged that since her daughter, the mother of the children, had died, Friel had refused to allow Simms to see her grandchildren. Simms alleged that it would be in the best interests of Friel's children for Simms to be granted grandparent visitation rights. Friel denied, among other things, that it would be in the best interests of the children to have grandparent visitation and asked that the petition be dismissed.

After an attempt to resolve the matter through mediation failed, Simms made an oral motion for "some temporary

visitation." Her counsel argued that temporary visitation was warranted, because several months had passed since the action was filed and various holidays were approaching. The district court heard arguments on the motion, and the parties submitted affidavits, which are not in our record.

Expressly in response to Simms' "oral [m]otion for [t]emporary [v]isitation," the district court granted Simms monthly visitation with the children. It granted Simms visitation on 7 specific days, 1 day each month from November 2016 through May 2017. The district court specified that each visit was to take place from 9 a.m. until 5 p.m., with the exception of the May 2017 visit, which was to occur "after school until 8:00 pm." The district court made no express findings concerning a significant beneficial relationship between Simms and the grandchildren or the children's best interests under § 43-1802.

Friel filed a motion to alter or amend. At a hearing on the motion, the district court stated that the temporary order was "not meant to be a final order" but was intended as a "temporary order through the holidays, mostly." The district court also scheduled a trial date of January 27, 2017. The district court took the motion to alter or amend under advisement and subsequently denied it.

*Court of Appeals.*

Friel appealed. He assigned that the district court erred in ordering the temporary visitation, because the statutes establishing grandparent visitation do not allow for temporary orders and because it did not make the required statutory findings before ordering grandparent visitation.

In a published opinion, the Court of Appeals concluded that the order appealed from was a final, appealable order but dismissed the appeal as moot because the order expired by its terms in May 2017. Despite its finding of mootness, the Court of Appeals considered the merits of the appeal. The Court of Appeals found that because there were no reported appellate

cases addressing the issues on appeal, consideration was warranted under the public interest exception to the mootness doctrine. See *Simms v. Friel*, 25 Neb. App. 640, 911 N.W.2d 636 (2018).

The Court of Appeals acknowledged that the grandparent visitation statutes do not provide for temporary orders but concluded that district courts have inherent authority to enter temporary orders of grandparent visitation during the pendency of a grandparent visitation proceeding. The Court of Appeals further observed that, as required by § 43-1802(2), in order to award grandparent visitation, a court must find that there is a significant beneficial relationship between the grandparent and child, that it is in the child's best interests for that relationship to continue, and that any visitation ordered will not adversely interfere with the parent-child relationship. See *Simms v. Friel, supra*.

We granted Friel's petition for further review.

ASSIGNMENT OF ERROR

Upon further review, Friel assigns that the Court of Appeals erred by finding that the district courts had authority to issue temporary visitation orders during the pendency of an action for grandparent visitation.

STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Al-Ameen v. Frakes*, 293 Neb. 248, 876 N.W.2d 635 (2016).

ANALYSIS

[2] Before reaching the legal issues presented for review, it is our duty to determine whether we have jurisdiction to decide them. See *Al-Ameen v. Frakes, supra*. For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is

taken. *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018). Because the temporary order did not dismiss the action or make a final determination on the merits, it was not a final judgment. See *id.* The jurisdictional question before us is thus whether we are presented with a final order.

[3,4] Relevant here, among the three types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding. See Neb. Rev. Stat. § 25-1902 (Reissue 2016). A "substantial right" is an essential legal right, not a mere technical right. See *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009). A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. *Id.* It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial. See *Cano v. Walker*, 297 Neb. 580, 901 N.W.2d 251 (2017). Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id.* Most fundamentally, an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review. *Tilson v. Tilson*, 299 Neb. 64, 907 N.W.2d 31 (2018).

Where visitation, custody, and the parent-child relationship are involved, we have previously looked to juvenile cases for guidance to determine whether the grant or denial of visitation and custody affects a substantial right. See *Steven S. v. Mary S., supra*. In doing so, we have said that "'"[t]he question . . . whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed."'" *Id.* at 130, 760 N.W.2d at 33-34.

On a number of occasions, we have analyzed orders temporarily limiting a parent's custody or visitation rights under the framework set forth above. For instance, in *Steven S. v.*

*Mary S., supra*, the parties were awarded joint legal custody of their children in a divorce, with the father receiving primary physical custody subject to the mother's rights of visitation. After the mother was arrested for alleged child abuse, the trial court entered a temporary order awarding legal and physical custody to the father and suspending the mother's visitation. The mother appealed, but we determined that the order did not affect a substantial right, because the mother's "relationship with the children will be disturbed for only a brief time period and the order was not a permanent disposition." *Id.* at 131, 760 N.W.2d at 34.

In *Carmicheal v. Rollins*, 280 Neb. 59, 783 N.W.2d 763 (2010), we relied upon *Steven S.* and reiterated that an order affecting custody temporarily does not affect a substantial right. There, the trial court granted the father custody during the mother's 400-day military deployment, and the mother appealed. We concluded that this did not constitute a final order because it was temporary: Custody would revert to the mother when she returned from active duty. Additionally, we observed that the temporary order merely enforced the terms of the original order, which provided that the father would have custody while the mother was on active duty.

In *Huskey v. Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014), we found another order that affected a custody arrangement only temporarily did not affect a substantial right. The order at issue in that case permitted a mother who had custody of two children to relocate the children to Georgia where she would serve a military assignment for approximately 8 months. The order had the effect of disrupting the parenting time of the children's father, who resided in Nebraska. Citing *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009), and *Carmichael v. Rollins, supra*, we held that the order did not affect a substantial right. We pointed out that the order did not make a "permanent disposition," but "affected the custody arrangement of the parties only temporarily." *Huskey v. Huskey*, 289 Neb. at 451, 855 N.W.2d at 387. We also emphasized that the

order would disrupt, but not substantially reduce, the father's parenting time.

As *Steven S.*, *Carmichael*, and *Huskey* illustrate, an order that reduces a party's custody or visitation rights on a temporary basis pending a more permanent disposition does not generally affect a substantial right for purposes of § 25-1902. The order granting Simms temporary visitation in this case is such an order. The order did not affect Friel's custody at all. It disturbed his relationship with his children only to the extent it provided for 1 day of visitation per month between November 2016 and May 2017. Most importantly for purposes of analyzing whether the order affected a substantial right, it specifically said it was granting Simms' motion for "temporary visitation" and did not provide for any visitation after May 2017. Further, the district court set the matter for trial after granting the visitation order at issue, dispelling any possible belief that the order was not temporary.

We have previously recognized that circumstances could arise wherein successive temporary orders or a temporary order of long duration could affect a substantial right and constitute a final order, despite being labeled "temporary." See *Huskey v. Huskey, supra*. But there is no indication of successive orders here, and the duration of the order is no longer than other temporary orders we have found to not affect a substantial right. See, *Huskey v. Huskey, supra*; *Carmichael v. Rollins, supra*. We thus see no basis in the controlling case law to find that the order at issue affected a substantial right.

The Court of Appeals found that the order of temporary visitation affected a substantial right in reliance on *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015), and *In re Interest of Zachary W. & Alyssa W.*, 3 Neb. App. 274, 526 N.W.2d 233 (1994). See *Simms v. Friel*, 25 Neb. App. 640, 911 N.W.2d 636 (2018). We find that these cases do not squarely address the order at issue here.

In *In re Interest of Cassandra B. & Moira B., supra*, we held that a juvenile court order prohibiting a parent from

homeschooling her child affected a substantial right, but we explicitly characterized the order there as not temporary. We pointed out that the order was subject to reconsideration at a review hearing in approximately 6 months, but the juvenile court was required to review the case every 6 months and thus "no order would have a longer duration than that." *Id.* at 626, 861 N.W.2d at 404. And while the order at issue in *In re Interest of Zachary W. & Alyssa W.* granted grandparent visitation, the visitation was for an unspecified and indefinite period of time. Neither of these cases involved truly temporary orders like the one at issue here.

Friel makes a slightly different argument as to whether the order affected a substantial right. He contends that because a district court must make certain findings set forth in § 43-1802(2) before ordering any grandparent visitation and because the district court ordered grandparent visitation in its November 2016 order, the district court "determine[d] the action." Brief for appellant at 1. We understand Friel to be contending that despite the temporary nature of the November 2016 order, the district court could only have awarded visitation consistent with § 43-1802(2) if it made the findings necessary to finally decide the petition for visitation and that thus, the order affects a substantial right. We have recently rejected substantially the same argument, however, finding that even if the findings necessary to make a temporary and final disposition of a matter are the same, it does not follow that a temporary order is appealable. See *In re Interest of Zachary B.*, 299 Neb. 187, 907 N.W.2d 311 (2018).

At oral argument, counsel for both parties expressed hope that this court could provide guidance as to whether temporary orders are permitted in grandparent visitation proceedings. As counsel observed, the grandparent visitation statutes do not refer to temporary orders and this court has never before addressed whether such orders are permissible. But as helpful as resolution of this issue by this court might be, we do not have the authority to resolve issues merely because it would be

helpful. Our appellate jurisdiction, as defined by statute, is limited to reviewing final orders or judgments. See, e.g., *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017). Because there is no final order or judgment to be reviewed in this case, there is no appellate jurisdiction. The Court of Appeals should not have addressed the merits, and neither can we.

## CONCLUSION

Contrary to the Court of Appeals' findings, we hold that the district court's order of temporary grandparent visitation did not affect a substantial right and that therefore, the Court of Appeals lacked jurisdiction to decide the issues presented for review. It follows that we too lack jurisdiction and that the appeal is subject to dismissal. We thus affirm the Court of Appeals' dismissal of the appeal, albeit on different grounds.

AFFIRMED.